[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 115.]

CUYAHOGA COUNTY BAR ASSOCIATION *v*. WEIRICH.

[Cite as *Cuyahoga Cty. Bar Assn. v. Weirich*, 2000-Ohio-121.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct that adversely reflects on ability to practice law—Accepting employment when the exercise of professional judgment may be affected by financial, business, or personal interests—Practicing law in violation of the regulations of the profession—Failing to cooperate in the investigation of a disciplinary matter—Failing to register with the Supreme Court.*

(No. 99-1897—Submitted February 9, 2000—Decided May 31, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-10.

_____

{¶ 1} In February 1995, respondent, William C. Weirich of Euclid, Ohio, Attorney Registration No. 0038122, began managing the affairs of Alfons Albert Skeivis pursuant to a power of attorney. Skeivis was confined to a nursing home and could not take care of his own finances. Also, as Skeivis's attorney, respondent billed Skeivis for his legal services and paid himself from Skeivis's accounts. During 1995 and 1996, respondent also owned a business known as Northpoint Renovation and Remodeling ("Northpoint").

{¶ 2} In 1995 and 1996, respondent failed to pay the bills submitted by the nursing home where Skeivis resided. During those years, respondent also began to neglect paying the utilities and other expenses incurred with respect to the home owned by Skeivis. However, in 1996, respondent arranged for repairs to Skeivis's home to be made by Northpoint and paid for those repairs from Skeivis's account.

{¶ 3} On February 17, 1998, relator, Cuyahoga County Bar Association, filed a complaint charging that respondent's conduct violated several rules of the

Code of Professional Responsibility. The complaint also charged that respondent violated the Rules for the Government of the Bar by failing to cooperate with relator's investigation of the grievance filed against him and by failing to register with the Supreme Court for the 1995-1997 biennium. Respondent did not respond timely to the complaint, and finally filed an answer only after relator had moved for default judgment. After the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), respondent failed to appear for a scheduled deposition, failed to provide complete discovery as requested by relator, and failed to appear at the hearing before the panel, at which relator presented evidence to support the complaint.

{¶ 4} The panel found that respondent had received notice of the hearing and had an opportunity to appear and present his case. It further found the facts as stated above and concluded that respondent's conduct violated DR 1-102(A)(1) (violation of a Disciplinary Rule), 1-102(A)(6) (engaging in conduct that adversely reflects on the attorney's ability to practice law), 5-101(A)(1) (accepting employment when the exercise of professional judgment may be affected by financial, business, or personal interests), 3-101(B) (practicing law in violation of the regulations of the profession), Gov.Bar R. V(4)(G) (failing to cooperate in the investigation of a disciplinary matter), and VI(1) (failing to register with the Supreme Court). The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio.

{¶ 5} The board adopted the findings of fact and the conclusions of the panel that respondent's conduct violated DR 1-102(A)(6), 5-101(A)(1), and 3-101(B), and Gov.Bar R. V(4)(G) and VI(1). The board also adopted the panel's recommendation that respondent be indefinitely suspended from the practice of law.

———————————

*Howard A. Schulman* and *Robert J. Vecchio,* for relator.

*William C. Weirich, pro se*.

_____

***Per Curiam.***

{¶ 6} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.